### UNITED STATES v. SCANLON.

(District Court, N. D. Ohio, E. D. November 27, 1908.)

No. 3,284.

Food (§ 14*)—Misbranding—"Maple Syrup"—"Blended."

>   Defendant manufactured syrup from cane sugar, flavored to represent maple syrup by the introduction of an extract from maple wood after it had been chopped down. The syrup was put up in bottles labeled "Western Reserve Ohio Blended Maple Syrup," the words "Ohio" and "Maple Syrup" being in red, and between them the word "Blended," and then below that, in smaller type, the statement, "This syrup is made from the sugar maple tree and cane sugar." *Held* that the label was misleading, in that purchasers would ordinarily understand that the article contained in part maple syrup made from the boiled-down sap drawn from live maple trees, and that defendant was therefore guilty of misbranding.
>   [Ed. Note.—For other cases, see Food, Dec. Dig. § 14.*]

H. Y. Scanlon was informed against and convicted of violating Pure Food and Drugs Act June 30, 1906, c. 3915, 34 Stat. 768 (U. S. Comp. St. Supp. 1909, p. 1187), in blending and selling blended maple syrup. Defendant waived a jury, consented to be tried by the court, and was found guilty.

William L. Day, for the United States.
Talmar J. Ross, for defendant.

TAYLER, District Judge (orally). A cursory examination of this label—that is the only examination that the ordinary customer makes, and that is the examination which is controlling in a case of this

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

kind—presents the suggestion, if it does not carry with it the absolute statement, that this bottle contains Ohio maple syrup; but a careful scrutiny discloses, between the red words "Ohio" above and "Maple Syrup" below, a blue word "Blended," and then, below that, in smaller type, the statement that "this syrup is made from the sugar maple tree and cane sugar."

I think it was intended to convey the impression that there was a mixture, in the popular meaning of a mixture, of maple syrup and of a syrup which is made from cane sugar or New Orleans molasses or something of that kind, that people prefer to use rather than the heavier or thicker kinds of syrup; a kind of appropriate union of syrups that are used for a common purpose. At all events, the information conveyed by this label as one looks at it is that it is primarily a maple syrup, and then, upon a little closer inspection, that it is not exactly all maple syrup, but that it has some syrup in it made from cane sugar. The label was evidently designed to go as far as it could in advertising the fact that maple syrup was there and still to comply with the pure food act.

Now, it would be very interesting to enter into this discussion, not exactly sophistical, but still drawing rather sharp lines of distinction between various conceptions of the meaning of the law and the chemical aspects of these various products of the maple tree; but I do not think it is necessary for me to go into it. It is not so much a question of chemistry as of popular comprehension. We would not have any pure food laws if we were all chemists, because then we would be able to find out for ourselves what the thing was we were buying; and, of course, the opportunity and suggestion of temptation to deception would be very much reduced if a man who sold knew that he was dealing with a person who could find out easily just what he was buying. It is not a question of chemistry in this case, any more than it is with butter. It is a question of what is the popularly recognized definition of maple syrup; and that undoubtedly is, and we do not need the chemists to testify to it, that it is the syrup produced from boiling down the sap that flows in the spring of the year from the live maple tree. It has a certain consistency, and, of course, a certain specific gravity, which a chemist can tell us about; but those persons who have used it know in a general way when it has a proper consistency and a proper specific gravity, as they certainly do whether it has the proper flavor.

So that, if this syrup is made, as Mr. Scanlon says it is made, by some treatment of the chopped-down maple tree, whereby he gets an enormously larger amount of what may be called maple saccharine than is obtained from the free flowing of sap from the live tree, that is not maple syrup which he gets from it. If his statement is true—and I have no right to question its truth, except that I can hardly believe him when he says he obtains so much—that he gets his maple syrup and maple sugar that way, that is not maple sugar which he makes, and, therefore, he is not permitted to make use of that word

under the pure food act. It seems to me that is all there is in this matter for me to consider now.

It is an interesting question whether this is not a "blend." But I do not pass upon that. I pass upon the broad question, and lay down the broad proposition that this label is misleading and is a violation of the law; that the contents of the bottle are not what the label manifestly and suggestively declares those contents to be; and, primarily, I think the fundamental fact is that it is not maple syrup. The people who buy maple syrup would be in a very different frame of mind if they knew that the so-called maple syrup that made this so-called maple blend was derived from a treatment of the wood of the maple tree after it was chopped down from that in which they are when they buy what they understand to be maple syrup made from the boiled-down sap drawn from the live tree.

So I will have to find the defendant guilty.