### UNITED STATES v. BOECKMANN.

(Circuit Court, E. D. New York. January 15, 1910.)

FOOD (§ 12*)—FOOD AND DRUGS ACT—"MISBRANDED."

A food product, labeled "Compound: Pure Comb and Strained Honey and Corn Syrup," is not "misbranded" within the meaning of Food and Drugs Act June 30, 1906, c. 3915, § 8. 34 Stat. 771 (U. S. Comp. St. Supp. 1909, p. 1191), so that its shipment in interstate commerce constituted a misdemeanor thereunder, merely because the percentage of corn syrup in the compound largely exceeds that of honey.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 12.*]

Criminal prosecution by the United States against Henry Boeckmann. On demurrer to indictment. Demurrer sustained.

William J. Youngs, U. S. Atty. (William P. Allen, Asst. U. S. Atty.. of counsel), for the United States.

Otto F. Struse, for defendant.

CHATFIELD, District Judge. A demurrer has been interposed to an indictment charging the defendant with having shipped from the state of New York to the state of New Jersey, a certain article of food for man, labeled "Compound: Pure Comb and Strained Honey and Corn Syrup"; that the label was false and misleading, and the contents of the jar misbranded, in that "the said label represented the principal ingredient of the said contents of said glass jar to be pure comb honey," when in fact the contents were "almost wholly glucose and starch sugar, and the said contents of the said glass jar in truth and in fact consisted of a very small percentage of pure comb honey.":

It has been called to the attention of the court that under the authority of the statute of June 30, 1906 (Act June 30, 1906, c. 3915, 34 Stat. 768 [U. S. Comp. St. Supp. 1909, p. 1187]), certain regulations for the guidance of the public, and for carrying out the provisions of the law, have been made by the Secretary of Agriculture, and certain rulings or decisions by the Secretary of Agriculture have construed the language of the statute. For instance, Food Inspection Decision No. 75 provides that:

"When both maple and cane sugars are used in the production of syrup, the label should be varied according to the relative proportion of the ingredients,

---

the name of the sugar present in excess of fifty per cent. of the total sugar content should be given the greater prominence on the label; that is, it should be given first."

Also, Food Inspection Decision No. 87 provides that "viscous syrup obtained by the incomplete hydrolysis of the starch of sugar" should be labeled "corn syrup with cane flavor," if a small percentage of the product of the cane is added thereto.

There is no charge of any violation of regulations, or refusal to comply with the rulings of the Commissioner of Agriculture; but the case presents an entirely distinct question, depending upon the provisions of the statute itself.

In the present indictment we have an allegation that the defendant has put upon the market, for interstate commerce, an article which is misbranded, in that the label is misleading, solely because the principal ingredient is alleged to be held out to the public as "pure comb honey," when in reality "glucose and starch sugar" made up almost wholly the actual "principal ingredient."

Under the decision of In re Wilson (C. C.) 168 Fed. 566, such a label as is recited would not be contrary to fact, and this court agrees in the opinion that it is impossible to say what portion of the label as printed would signify greater percentage of the product.

The demurrer will be sustained.