## UNITED STATES v. TEN BARRELS OF VINEGAR.

### (District Court, E. D. Wisconsin. April 19, 1911.)

FOOD (§ 10*)—PURE FOOD LAW—"MISBRANDED."

The pure food law (Act June 30, 1906, c. 3915, 34 Stat. 768 [U. S. Comp. St. Supp. 1909, p. 1191]) prohibits misbranding of articles of food, and section 8 declares that the term "misbranded" shall apply to all articles of food, or articles which enter into the composition of food, the package or label of which shall bear any statement, design, or device, regarding such article, or the ingredients or substances contained therein, which shall be false or misleading in any particular. Subdivision 4, par. 2, declares that an article of food which does not contain any poisonous or deleterious ingredients shall not be deemed misbranded if labeled so as to plainly indicate that they are compounds, imitations, or blends, etc., provided that the term "blend" shall be construed to mean a mixture of like substances. ' Held, that the proviso was not limited to cases where the blend was claimed without disclosing the ingredients, but applied as well to cases where the component parts of the blend were disclosed, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

hence a label attached to vinegar, which was in fact distilled vinegar to which a small quantity of pure boiled apple cider had been added for coloring, describing the substance as "Saratoga Brand vinegar, a blend of pure boiled apple cider and distilled vinegar," was misbranded as misleading the public to believe that it was composed of pure boiled apple cider vinegar and distilled vinegar.

[Ed. Note.—For other cases, see Food, Cent. Dig. § 1; Dec. Dig. § 10.*

What constitutes a violation of pure food regulations, see notes to Brina v. United States, 105 C. C. A. 559.]

Libel by the United States of America against Ten Barrels of Vinegar. Demurrer to libel overruled.

This is a case arising under the "pure food act," so called. Act June 30, 1906, c. 3915, 34 Stat. 768 (U. S. Comp. St. Supp. 1909, p. 1191). A demurrer has been interposed to the libel, which raises the question whether the vinegar in question was misbranded, under the terms of section 8 of said act, which provides substantially that the term "misbranded," as used in the act, shall apply to all drugs or articles of food, or articles which enter into the composition of food, the package or label of which shall bear any statement, design, or device, regarding such article, or the ingredients or substances contained therein, which shall be false or misleading in any particular, etc. The vinegar in question was labeled as follows:

Gal.                                                                    Established 1875.
                                                                        Dayton, O.

We Warrant            B. T. CHANDLER & SON
  OUR
VINEGAR                 27 East 55th Street            CHICAGO.
to test 40 Grains
  in strength.    Manufacturers and Wholesale Dealers in

SARATOGA BRAND VINEGAR.
a blend of
PURE BOILED APPLE CIDER
and
DISTILLED VINEGAR.

We guarantee the Vinegar sold under our brand to comply with the requirements of the NATIONAL AND STATE PURE FOOD LAWS.

————————————————————FOR————————————————————

Guy D. Goff, U. S. Atty.
Gorham & Wales, for claimant.

QUARLES, District Judge (after stating the facts as above). The contention of the government is that the label is so framed as to mislead the average customer who reads the same casually. The eye naturally rests upon the words in large print, "SARATOGA BRAND VINEGAR," then, in smaller type, "PURE BOILED APPLE CIDER," and in the third line, in larger print, "DISTILLED VINEGAR." With-

out the aid of marks of punctuation, it is contended that the words "A Blend of Pure Boiled Apple Cider and Distilled Vinegar" may naturally describe two brands of vinegar that are blended, and the words "Pure Boiled Apple Cider" are merely descriptive of one of such ingredients.

It is matter of common knowledge that cider vinegar is far superior to distilled vinegar. The popularity of cider vinegar is so general that this brand, not subjected to critical examination, would naturally arouse the expectation that cider vinegar has been blended with distilled vinegar. That, like the Delphic Oracle, the label, in the absence of punctuation, may be read either way, and the average buyer might naturally be misled in the premises.

If, as matter of first impression, the label naturally conveys the idea that cider vinegar is one of the ingredients, then it is calculated to deceive, although a deliberate reading of the label might correct such impression. It is matter of common observation that the average retail purchaser of such commodities does not delay to make a careful analysis of the label, but contents himself with a hasty glance or cursory examination. If, therefore, this label would lead such purchaser at first blush to the conclusion that here was a blend of two vinegars, one of which was cider, it would fall within the definition of "misbranding" under section 8. In other words, the ordinary purchaser reading this label would not be led to suppose he was buying distilled vinegar compounded with a foreign element. He is comforted with the assurance: "We guarantee the Vinegar sold under our brand to comply with the requirements of the National and State Pure Food Laws."

There is another subdivision of the pure food act which must be considered in pari materia with the clause already under consideration. Section 8, subd. 4, par. 2, is in substance as follows: An article of food which does not contain any poisonous or deleterious ingredients shall not be deemed misbranded if labeled, branded, or tagged so as to plainly indicate that they are compounds, imitations, or blends, and the word "compound," "imitation," or "blend," as the case may be, is plainly stated on the package in which it is offered for sale. Up to this point the label in question conforms with the act, and, if the legislative conditions ended here, there could be no just cause of complaint. But Congress added another requirement in the case of a blend —"provided that the term blend as used herein shall be construed to mean a mixture of like substances," etc. If the substances so blended are not similar, the statement on the label that they are blended is not sufficient to secure immunity.

The defendants contend that this restrictive proviso applies only where the blend is claimed without disclosure of ingredients, and has no application where, as here, the component parts of the blend are disclosed. This construction seems to be too narrow. One prime object of this legislation is to prevent the public from being misled or deceived. In view of the language of the act we are justified in saying that the term "blend," as here displayed on the label, is an assurance to the public that the mixture consists of like substances; and in the present case it is an assurance that the "Saratoga Brand Vinegar"

consists of two like substances, that is, distilled vinegar and a vinegar derived from apple cider. In this regard the label is false and misleading.

We have seen how naturally the buyer might be misled by a casual examination of the label. The use of the term "blend" coupled with a specific reference to the pure food act, is well calculated to confirm such mistake, in view of the guaranty that the vinegar sold under this brand meets all the requirements of the national pure food law. Special significance is thus given to the statutory definition of the term "blend." It is true that boiled apple cider might be used as a harmless agent to give color or flavor to the distilled vinegar; but in such a case the boiled cider would be an infusion as distinguished from a "blend," and the public would be entitled to notice of its use for that qualified purpose. Here it is presented to the public as a blend, which is falsely misleading, because it is conceded that no cider vinegar whatever is contained in these packages.

Defendants cite, in support of their contention, In re Wilson (C. C.) 168 Fed. 566; United States v. Boeckmann (C. C.) 176 Fed. 382; United States v. Sixty-Eight Cases of Syrup (D. C.) 172 Fed. 782.

The Wilson Case is not in point, because there the substances comprising the "Gold Leaf Syrup" were both like substances, and under the terms and provisions of the act could properly be blended. The ingredients were maple and white sugar, and it is apparent that there was no misbranding in that case.

In the Boeckmann Case, supra, the product was labeled "Compound" "Pure Comb and Strained Honey and Corn Syrup." It will be observed the representation in that case was that it was a compound, as distinguished from a blend. So that has no bearing on the instant case.

In United States v. Sixty-Eight Cases of Syrup, supra, the court treated the extract of maple wood as a saccharine substance which might be blended with refined cane sugar, and that they constituted a blend within the meaning of the act. In the case at bar we have not two similar substances, but only one substance, namely, distilled vinegar, which has been mixed with a product wholly unlike distilled vinegar. While the reasoning in that case is not satisfactory, a careful examination will show that it does not rule the instant case.

The government cites the case of United States v. Scanlon (D. C.) 180 Fed. 485. This is a very interesting and well-reasoned case and goes far to sustain the conclusion we have already reached in this case. The defendant in that case manufactured syrup of cane sugar flavored to imitate maple syrup by the introduction of an extract from maple wood after it had been chopped down. The syrup was put up in bottles labeled "Western Reserve Ohio Blended Maple Syrup." The words "Ohio" and "Maple Syrup" had between them the word "blended," and then in small type the statement, "This syrup is made from the sugar maple tree and cane sugar." The court held that the label was misleading, in that purchasers would ordinarily understand that the article contained in part maple syrup made from the sap drawn from live maple trees, and therefore the article was misbranded.

I am constrained to hold that the vinegar in this case was misbranded within the meaning of the pure food act, and therefore the demurrer will be overruled, with leave to respondent to answer within 20 days if so advised.